KENNETH E. KELLER (SBN 071450)
kkeller@ksrh.com
ANNE E. KEARNS (SBN 183336)
akearns@ksrh.com
KELLER, SLOAN, ROMAN & HOLLAND LLP
555 Montgomery Street, 17th Floor
San Francisco, California 94111
Telephone:   (415) 249-8330
Facsimile:    (415) 249-8333


JASON R. ERB (SBN 180962)
jasonerb@hmausa.com
HYUNDAI MOTOR AMERICA
10550 Talbert Avenue
Fountain Valley, California  92708
Telephone:  (714) 965-3393
Facsimile:    (714) 965-3815


Attorneys for Plaintiffs,
HYUNDAI MOTOR AMERICA, INC. and
HYUNDAI MOTOR COMPANY

THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HYUNDAI MOTOR AMERICA, INC., a California corporation; HYUNDAI MOTOR COMPANY, a Korean corporation, <br><br> Plaintiffs, <br><br> v. <br><br> RYDELL CHEVROLET, INC., a Delaware corporation, and DOES 1-10, inclusive, <br><br> Defendants. | Case No.  8:15-cv-00186 CJC-DFM <br><br> **PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS FOR IMPROPER VENUE, OR TRANSFER TO THE UNITED STATES DISTRICT COURT OF THE NORTHERN DISTRICT OF IOWA** <br><br> **Date:  June 1, 2015** <br> **Time: 1:30 p.m.** <br> **Dept: 9B** |

# **TABLE OF CONTENTS**

I.    INTRODUCTION ...................................................................................... 1

II.   RELEVANT FACTS ................................................................................ 2

    A.    Background of Hyundai ................................................................ 2

    B.    Background of Rydell and its Infringing Activities................... 4

III.  RYDELL'S SECTION 1406(a) MOTION SHOULD BE DENIED ................ 6

    A.    Legal Standard ............................................................................ 6

    B.    A Substantial Part of the Events Occurred in this District ....... 7

    C.    Rydell Resides in the Central District........................................ 9

        1.    This Court Has Specific Jurisdiction over Rydell ...... 10

        2.    Plaintiffs Request Discovery to Establish General
              Jurisdiction .................................................................. 19

IV.   RYDELL'S SECTION 1404(a) MOTION SHOULD BE DENIED .............. 19

    A.    Legal Standard .......................................................................... 19

    B.    The Factors Weigh in Favor of Hyundai ................................. 21

        1.    Hyundai Chose to File this Action in this District..................... 21

        2.    The State Most Familiar with the Governing Law ...... 21

        3.    Contacts with the Forum............................................. 21

        4.    The Convenience of the Parties and Litigation Costs ................ 22

        5.    Third Party Witnesses and Compulsory Process.......... 22

        6.    Access to Evidence ..................................................... 23

        7.    The Interests of Justice ............................................... 23

        8.    Administrative Considerations .................................... 24

i

V.     RYDELL'S *FORUM NON CONVENIENS* MOTION SHOULD BE
       DENIED ....................................................................................................24

VI.    CONCLUSION ............................................................................25

# **TABLE OF AUTHORITIES**

*Ainsworth v. Experian Info. Solutions, Inc.,*
   2011 WL 2135713 (C.D. Cal. May 12, 2011) .......................................17, 20, 21, 22

*Allstar Marketing Group, LLC v. Your Store Online, LLC,*
   666 F. Supp. 2d 1109 (C.D. Cal. 2009)...........................................................passim

*American Dredging Co. v. Miller,*
   10 U.S. 443 (1994) ........................................................................................25

*Bancroft & Masters, Inc.,*
   223 F. 3d 1082 (9th Cir. 2000).............................................................10, 13, 14

*Brayton Purcell LLP v. Recordon & Recordon,*
   606 F.3d 1124 (9th Cir. 2010).................................................................12, 14

*Calder v. Jones,*
   465 U.S. 783 (1984) .......................................................................................11

*Chanel Inc. v Zhang Yang,*
   2013 WL 5755217 (N.D. Cal. Oct. 21, 2013)..........................................12

*Chloe SAS v. Sawabeh Info. Servs. Co.,*
   2012 WL 7679386 (C. D. Cal. May 3, 2012) ...........................................8

*Core–Vent Corp. v. Nobel Indus.,*
   11 F.3d 1482 (9th Cir.1993)........................................................................16

*Decker Coal Co. v Commonwealth Edison Co.,*
   805 F.2d 834 (9th Cir. 1986).......................................................................21

*E & J Gallo Winery v. Grenade Bev. LLC,*
   2013 WL 6048140 (E.D. Cal. Nov. 14, 2013) .........................................9

*Eliminator Custom Boats v. American Marine Holdings, LLC,*
   2006 WL 4941830 (C. D. Cal. Aug. 31, 2006)................................passim

*Gates Learjet Corp. v. Jensen,*
   743 F.2d 1325 (9th Cir. 1984).....................................................................24

*Gray & Co., v. Firstenberg Mach., Co,. Inc.,*
   913 F.2d 758 (9th Cir. 1990).......................................................................14

iii

---

PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS/TRANSFER
Case No.  8:15-cv-00186 CJC-DFM

*Hayashi v. Red Wing Peat Corp.*,
   396 F.2d 13 (9th Cir. 1968) ................................................................ 19

*Hyundai Motor America, Inc. v. Pinnacle Group, LLC*,
   Case No. 8:14-CV-00576 CJC-JPR ..................................................... 19

*In re Hoffman-La Roche Inc.*,
   587 F.3d 1333 (Fed. Cir. 2009) ......................................................... 18

*In re Nintendo Co.*,
   589 F.3d 1194 (Fed. Cir. 2009) ......................................................... 23

*Jones v. GNC Franchising, Inc.*,
   211 F.3d 495 (9th Cir. 2000) ............................................................. 20

*Kahn v. Gen. Motors Corp.*,
   889 F.2d 1078 (Fed.Cir.1989) ........................................................... 22

*Marvix Photo, Inc. v. Brand Technologies, Inc.*,
   647 F.3d 1218 (9th Cir. 2011) ........................................................... 14

*Murphy v. Schneider National, Inc.*,
   362 F.3d 1133 (9th Cir.2004) .............................................................. 7

*Nissan Motor Co., Ltd. v. Nissan Computer Corp.*,
   89 F. Supp. 2d 1154 (C.D. Cal. 2000) ........................................... 17, 18

*Ojo v.  Farmers Group, Inc.*,
   565 F.3d 1175 (9th Cir. 2009) ............................................................. 9

*Panavision Int'l v. Toeppen*,
   141 F.3d 1316 (9th Cir. 1998) ...................................................... 11, 16

*R. Griggs Group Ltd. v. Consolidated Shoe, Inc.*,
   1999 WL 226211 (N.D. Cal. Apr. 9, 1999) .......................................... 8

*Roth v. Garcia Marquez,*
   942 F.2d 617 (9th Cir. 1991) ............................................................. 16

*Runner v. Toyota Motor Corp.*,
   2009 WL 1971326 (C.D. Cal. July 6, 2009). ..................................... 25

*Schwarzenegger v. Fred Martin Motor Co.*,
   374 F.3d 797 (9th Cir.2004) ................................................... 11, 12, 15

iv

*Sinochem Int'l Co. Ltd v. Malaysia Intern. Shipping Corp.*,
   549 U.S. 422 (2007) ...................................................................................... 25

*Sutter Home Winery Inc. v Madrona Vineyards, L.P.*,
   2005 WL 701599 (N.D. Cal. Mar. 23, 2005) ............................................... 9

*Vanity Fair Mills v. T. Eaton Co.*,
   234 F.2d 633 (2d Cir. 1956) .......................................................................... 7

*Voxpath RS, LLC v LG Elecs. U.S.A., Inc.*,
   2:10-CV-160-JRG, 2012 U.S. Dist. LEXIS 7569 (E.D. Tex, Jan. 23, 2012) ......... 18

**Statutes**

28 U.S.C. § 1391 ................................................................................................ 7

28 U.S.C. § 1391(b) ........................................................................................... 7

28 U.S.C. § 1391(c)(2) ..................................................................................... 10

28 U.S.C. § 1391(d) ......................................................................................... 10

28 U.S.C. § 1404(a) .................................................................................... 20, 24

28 U.S.C. § 1406(a) ........................................................................................... 6

Cal. Bus. & Prof. Code § 14247 ..................................................................... 17

Cal. Bus. & Prof. Code § 17200 ..................................................................... 17

Fed. R. Civ. P. 45(c)(1) ................................................................................... 18

v

# I.   **INTRODUCTION**

Defendant Rydell Chevrolet, Inc. ("Rydell"), an Iowa company, marketed on its website, and sold and shipped infringing Hyundai-branded automobile parts to at least one dealer located in this District.[1]  Undoubtedly, Rydell believed that dealer would resell those parts to local consumers, who would likely be confused into believing they had purchased Hyundai genuine parts.  Plaintiffs Hyundai Motor America, Inc. ("HMA") and Hyundai Motor Company ("HMC") (collectively, "Hyundai") properly filed suit in this District for trademark infringement and related claims.

Despite having profited from this and other sales into this District, Rydell protests it should not be haled into court here.  It claims the alleged infringing activity occurred in Iowa, sales into this District are "minimal," and that it would be otherwise inconvenienced.  But Rydell ignores the law in this Circuit.  Maintaining an interactive website which advertises infringing goods; selling and shipping infringing goods into the District which likely causes consumers to be confused; and foreseeably harming Hyundai in the forum satisfies the test for venue in this District.  The law does not require substantial sales into the district; only modest sales are required. Rydell has not proffered *any admissible evidence* regarding its sales.  It simply states

---

[1] Hyundai expressly alleges that Rydell sold the infringing parts into this District.  *See* Complaint (ECF 1) ("Compl."), at ¶¶ 2, 3, 9, 34.  Hyundai can easily amend the Complaint to allege more specific facts which Rydell cannot and does not dispute if required.

PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS/TRANSFER
Case No.  8:15-cv-00186 CJC-DFM

that it should not be forced to defend this action in this District.

Not only is venue proper, it makes judicial sense.  Infringing products were marketed, sold and shipped here.  Consumers are likely to be confused here.  HMA is headquartered here.  Most of HMA's records, including those critical to this case, are here.  Relevant HMA officers and employees are here.  The dealer that bought the infringing parts is here (along with the exemplar infringing parts).  Hyundai was foreseeably injured here.  In short, there is no reasonable basis for disturbing Hyundai's choice of forum.

Contrary to Rydell's accusations, Hyundai is not on a fishing expedition.  The parts that Rydell sold into this District were never meant for sale in the United States either because they were meant for sale abroad (*e.g.*, do not meet U.S. specifications), or were rejected for use for not meeting certain standards.  They are illegal gray-market goods.  Hyundai is not only protecting its trademarks with this lawsuit, as it must, but is vigorously protecting the safety of consumers.

## II.   RELEVANT FACTS

### A.   BACKGROUND OF HYUNDAI

HMC, a Korean company, is a leading automobile manufacturer in the world.  It manufactures, among other things, Hyundai-branded parts (*e.g.*, bumpers, grilles, lamp assemblies) for sale, among other places, in the United States (the "Hyundai Genuine Parts").  HMA is headquartered in this Judicial District, Fountain Valley,

2

California.  HMA is a subsidiary of HMC and is HMC's exclusive distributor of the Hyundai Genuine Parts in the United States.  HMA distributes the Hyundai Genuine Parts through authorized dealers throughout the United States including this District.[2]

The Hyundai Genuine Parts that are manufactured for use in the United States are made to precise specifications and must meet certain quality standards applicable to the U.S. market.  If any Hyundai Genuine Part does not meet safety, quality, or manufacturing requirements or standards, that Part is rejected for use.[3]

Hyundai Genuine Parts meant for sale abroad, on the other hand, are not manufactured to U.S. specifications.  They contain numerous physical and non-physical differences, including differences in warranty, packaging, production methods, part numbers, weight, and warning labels, among others.  HMA does not authorize the sale of Hyundai-branded parts in the United States that were meant for sale abroad or which were rejected for sale.[4]

All of HMA's relevant officers, employees and managers are employed at HMA's headquarters. Nearly all of HMA's business records are located at its Fountain Valley headquarters, including those relating to business operations, intellectual property, as well as the service engineering, marketing and sales of the Hyundai Genuine Parts.  Exemplars of the Hyundai Genuine Parts and the specific infringing

---

[2] Compl. ¶¶ 7, 8, 12, 13; Decl. of Frank Ferrara filed herewith ("Ferrara Decl.), ¶¶ 4, 5.
[3] Compl., ¶¶ 5, 26.
[4] *Id.*, ¶¶ 26-30.

3

parts at issue in this lawsuit are also located at HMA's Fountain Valley headquarters.

Several authorized dealers are also located in this District, including the one that

purchased the infringing parts.[5]

## B. BACKGROUND OF RYDELL AND ITS INFRINGING ACTIVITIES

Rydell is an automobile dealership that sells new and used automobile parts,

whose physical presence is in Waterloo, Iowa.[6]  It also maintains an interactive

website at www.Rydellauto.com, which it uses to advertise and sell parts (the "Rydell

Website").[7]  The website touts Rydell's surplus parts as having "production changes

or minor cosmetic flaws" that were "excluded from the new-vehicle process," and

which Rydell has "harvested from North American assembly plants and several tier

one suppliers."[8]  Any visitor to the Rydell Website can browse inventory, create an

account, and submit an order.[9]  At the time the lawsuit was filed, Rydell was

indisputably selling Hyundai-branded parts on-line via the Rydell Website.[10]  Since

the filing of this lawsuit, Rydell has stopped selling Hyundai-branded parts on its

---

[5] Ferrara Decl., ¶¶ 6-9.

[6] Decl. of Matthew Halbur ("Halbur Decl.") (ECF 16-1), ¶¶ 2, 3.

[7] *Id*., ¶ 11; Decl. of Anne E. Kearns, with herewith ("Kearns Decl."), at ¶¶ 2-4; *see also* Compl., ¶ 32.

[8] Compl., ¶ 32; Kearns Decl., ¶ 3, Exh. A.

[9] The webpage indicates that after the visitor submits an order, Rydell will contact that visitor with shipping details and payment information.  Kearns Decl., ¶ 4, Exh. B.

[10] Kearns Decl., ¶ 5, Exh. C.

4

website, but has represented to counsel it maintains a small inventory onsite.[11]

Prior to the filing of this lawsuit, HMA visited and reviewed the Rydell Website and determined that Rydell might be selling illegal gray-market goods.  HMA then instructed a dealer located within this District in Ontario California, Romero Hyundai (the "Central District Dealer"), to purchase various types of Hyundai-branded parts. The Central District Dealer then communicated with representatives of Rydell by phone and ordered the following parts: Hyundai Santa Fe Front Fascia Absorber (bumper) (part no. 86520-4Z000); Hyundai Santa Fe Chrome Grille (part no. 86561-2B700); Hyundai Santa Fe Grille (part no. 86351-2W000); and Hyundai Fog Lamp Assembly (part no. 92202-4Z000) (collectively, the Rydell Parts"). [12]

Rydell then shipped the Rydell Parts to the Central District Dealer, who then forwarded them to HMA for analysis.  Hyundai determined that the Rydell Parts were illegal gray-market goods (*e.g.*, meant for sale abroad and/or rejected for use in the U.S.) and/or otherwise infringed upon its trademarks.[13]  Hyundai then filed suit for federal trademark infringement and unfair competition, and related California claims.

Rydell repeatedly claims in its Motion that venue is not proper because Hyundai does not specifically allege that Rydell sold the Rydell Parts to customers in the Central District.  But that is not true.  Hyundai specifically alleges that Rydell is

---

[11] Kearns Decl., ¶ 6.

[12] Ferrara Decl., ¶¶ 10-11.

[13] Ferrara Decl., ¶12-13; Compl., ¶¶ 34-37.

5

"importing, promoting, selling, and distributing the products at issue in this complaint into this State **and this District**, and which has caused and will continue to cause injury and damage to Plaintiffs within this State and this District."[14]  Hyundai also alleges that Rydell "markets, advertises, and/or sells goods and products, **including the products at issue in this complaint to third parties within this District**…."[15]  The court must accept these allegations as true since Rydell does not and cannot controvert them.  *See Allstar Marketing Group, LLC v. Your Store Online, LLC*, 666 F. Supp. 2d 1109, 1129 (C.D. Cal. 2009).  Indeed, Rydell concedes in its Motion that it sells products into this District.[16]

### III.    RYDELL'S SECTION 1406(a) MOTION SHOULD BE DENIED

**A.    LEGAL STANDARD**

In deciding whether to dismiss or transfer the case under 28 U.S.C. § 1406(a), the trial court must draw all reasonable inferences and resolve all factual conflicts in favor of the non-moving party. 28 U.S.C. § 1406(a).   *Allstar Marketing Group, LLC,* 666 F. Supp. 2d at 1126 (*citing to Murphy v. Schneider National, Inc.,* 362 F.3d 1133,

---

[14] Compl., ¶ 2 (emphasis added).

[15] Compl., ¶ 9 (emphasis added); *see also* Compl., ¶ 3.

[16] Mtn., at 5:10-11.  If required, Hyundai can easily amend the Complaint to allege specific facts that Rydell marketed, sold and shipped the Rydell Parts which form the basis of this suit into this District.  Had Rydell properly met and conferred with counsel prior to filing its Motion, it would have known that.  Upon informing Rydell's counsel of these specific facts during a later conference, Rydell's counsel simply responded that its position had not changed.  Kearns Decl., ¶ 7.

6

---

1138 (9th Cir.2004)).  "Venue over trademark claims is governed by the general

venue statute, 28 U.S.C. § 1391."  *Allstar Marketing Group, LLC*, 666 F. Supp. 2d at

1128.  Under Section 1391(b), venue is proper, in part, in the district where 1) a

substantial part of the events giving rise to the claim occurred; or 2) any defendant

resides, if all defendants reside in the same State.  28 U.S.C. § 1391(b).  Both are met.

## B.   A SUBSTANTIAL PART OF THE EVENTS OCCURRED IN THIS DISTRICT

Rydell argues that none of the operative events occurred in the Central District,

and that any activity would have necessarily originated from Iowa, where Rydell is

located.[17]  But that analysis fails.  In trademark and unfair competition cases, a

substantial part of the events occurs in *any* district where consumers are likely to be

confused by the infringing products, whether in one or many districts.  *See Allstar*

*Marketing Group, LLC*, 666 F. Supp. 2d at 1128 (and citations therein).  Thus, "the

wrong takes place not where the deceptive labels are affixed to the goods or where the

goods are wrapped in the misleading packages, but where the passing off occurs, i.e.,

where the deceived customer buys the defendant's product in the belief that he is

buying the plaintiff's."  *Id.* (*citing to Vanity Fair Mills v. T. Eaton Co.*, 234 F.2d 633,

639 (2d Cir. 1956)).

Here, consumers in the Central District are likely to be confused by Rydell's

infringing activities.  Rydell marketed the infringing Rydell Parts to this District

---

[17] Mtn., at 5-22-6:5.

through its interactive website.  It sold and shipped the Rydell Parts to the Central District Dealer located in this forum.[18]  Rydell undoubtedly believed that the Central District Dealer, who is in the business of reselling auto parts, would then market and sell the Rydell Parts to local consumers.  As is alleged, there is a likelihood that those consumers would believe they were purchasing Hyundai Genuine Parts authorized for sale in the United States, when in fact they are illegal gray-market goods never intended for sale in the United States and/or were rejected for sale in the United States.[19]  Since the Rydell Parts and the Hyundai Genuine Parts are both sold in this District,[20] there will likely be confusion.  *Id. (citing to  R. Griggs Group Ltd. v. Consolidated Shoe, Inc.,* 1999 WL 226211, *4 (N.D. Cal. Apr. 9, 1999) (since plaintiff's and defendant's shoes are sold in the forum district, that district is one of the districts in which confusion is likely to occur)).

Rydell does not refute or dispute that sales were made into this District, but argues that sales were minimal.  But Rydell proffers *no evidence* of sales in its moving papers, even though it is in the best position to do so.[21]  Rydell cannot now proffer any

---

[18] Compl., ¶¶ 2, 3, 9, 34-37.  It makes no difference that the sale was to an "investigator" since "investigators provided the opportunity for the Defendants to act, and Defendants seized that opportunity…."  *Chloe SAS v. Sawabeh Info. Servs. Co.*, 2012 WL 7679386, *16 (C. D. Cal. May 3, 2012).

[19] Compl., ¶¶ 42, 43, 46, 52, 58, 64, 90.

[20] Compl., ¶¶ 2, 3, 9; Ferrara Decl., ¶ 5.

[21] Mtn., at 5:10-11.  Tellingly, Matthew Halbur, the General Manager of Rydell, does not discuss sales into California *at all* in his Declaration.  (ECF 16-1).

8

---

"new" evidence in its Reply. *See Ojo v.  Farmers Group, Inc*., 565 F.3d 1175, 1185, n.13 (9th Cir. 2009) (holding that it is improper for the moving party to "introduce new facts or different legal arguments in the reply brief" beyond those presented in the moving papers.).  The Court should therefore not accept it as fact, but must accept as true Hyundai's allegation that sales were made into this District which has caused consumer confusion.[22]  *See Allstar Marketing Group, LLC*, 666 F. Supp. 2d at 1129-30 (court accepted plaintiff's allegations of sales as true where defendant failed to controvert them despite being in a superior position of knowledge).

Further, significant sales are not a requirement.  Only "a 'modest' amount of a sales of infringing product" is necessary to find venue proper in a particular district. *Id.* at 1130 (citing to *Sutter Home Winery Inc. v Madrona Vineyards, L.P.,* 2005 WL 701599, *4 n. 2 (N.D. Cal. Mar. 23, 2005) (venue appropriate even though defendant's sales into district were "relatively modest" since some potential purchasers of plaintiff's wine who reside in this district could be confused by defendant's use of the mark).  *See also E & J Gallo Winery v. Grenade Bev. LLC*, 2013 WL 6048140, *3 (E.D. Cal. Nov. 14, 2013) (venue proper where infringing product sold directly to one establishment and indirectly to seven in that district).

## C.   RYDELL RESIDES IN THE CENTRAL DISTRICT

Venue is also proper because Rydell resides in this District.  A corporate

---

[22] Compl., ¶¶ 2, 3, 9, 42, 43, 46, 52, 58, 64, 90.

9

defendant resides in any district in which the defendant is subject to the court's personal jurisdiction. 28 U.S.C. § 1391(c)(2). If a State has more than one district of which a corporate defendant is subject to personal jurisdiction, such corporation resides in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State. *Id*., § 1391(d).

Personal jurisdiction may be general or specific. *Bancroft & Masters, Inc.,* 223 F. 3d 1082, 1086 (9th Cir. 2000). Specific jurisdiction exists when the cause of action arises out of the defendant's forum related acts. *Id.* General jurisdiction exists when the defendant's activities within a state are "substantial" or "continuous and systematic." *Id.* This Court has specific jurisdiction over Rydell.

## 1.     This Court Has Specific Jurisdiction over Rydell

Rydell all but ignores the specific jurisdiction three prong test (discussed below) claiming only that Hyundai does not specifically allege that the Rydell Parts were sold in this District, and that Rydell's sales into California were minimal.[23] These arguments fail. As discussed above, Hyundai does specifically allege that Rydell marketed, sold and shipped the Rydell Parts into this District in violation of Hyundai's trademark rights (Compl., ¶¶ 2, 3, 9), and if necessary, Hyundai could amend the Complaint to further specify such allegations. Additionally, Rydell has not proffered *any evidence* that its sales into this forum were minimal – even though

---

[23] Mtn., at 5:10-11.

PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS/TRANSFER
Case No.  8:15-cv-00186 CJC-DFM

Rydell is in the best position to provide that information.

The Ninth Circuit applies a three-prong test to establish specific jurisdiction:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
>
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Schwarzenegger v. Fred Martin Motor Co.,* 374 F.3d 797, 802 (9th Cir.2004).  Here, all three elements are satisfied.

### a)   Rydell Has Purposefully Directed its Activities

Courts apply the "purposeful direction" test in trademark cases.  *Panavision Int'l v. Toeppen*, 141 F.3d 1316, 1321 (9th Cir. 1998).  Courts use the "effects test" to evaluate purposeful direction as set forth in *Calder v. Jones*, 465 U.S. 783 (1984). Under the effects test a defendant purposefully directs activity at a forum state when it 1) commits an intentional act, 2) expressly aimed at the forum state, 3) causing plaintiff foreseeable harm in the forum state.  *Schwarzenegger,* 374 F.3d at 805

11

(citation omitted).  There is no requirement that the defendant have any physical contacts with the forum.  *See id.,* at 803.  All three elements are met here.

### (i)    Rydell Committed an Intentional Act

Marketing and selling infringing products into the forum is an intentional act. *See e.g., Eliminator Custom Boats v. American Marine Holdings, LLC*, 2006 WL 4941830, * 10 (C. D. Cal. Aug. 31, 2006) (defendant acted intentionally because it sold boats to dealers in California and displayed boats at California boat shows).

Likewise, advertising and offering for sale infringing goods over the Internet is an intentional act.  *See e.g., Chanel Inc. v Zhang Yang*, 2013 WL 5755217, *7 (N.D. Cal. Oct. 21, 2013) (defendant's conduct was intentional since it included advertising and offering for sale on its websites counterfeit and infringing Chanel-branded products); *Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124, 1128 (9th Cir. 2010) (defendant acted intentionally "when it created and posted an elder law section on its website that infringed Brayton Purcell's copyright.").

Here, at the time the Complaint was filed, Rydell advertised some or all of the Rydell Parts via its interactive website, and actually sold and shipped those products into this Judicial District.  That conduct is intentional.

### (ii)    Rydell Expressly Aimed its Conduct

Rydell expressly aimed its conduct at California.  Rydell sold and shipped the infringing Rydell Parts to the Central District Dealer located in this forum.  Rydell

12

undoubtedly knew that the Central District Dealer would then resell the products to California consumers, causing consumer confusion.[24]  That conduct is sufficient to meet this prong.  *See Eliminator Custom Boats*, 2006 WL 4941830, * 10 (this prong met where defendant "individually targeted" California by contracting with an independent dealer located in California and "knew that this dealer would likely resell the boats to California residents.").

Rydell also expressly aimed its conduct at California by operating a fully interactive commercial website on which it marketed Hyundai-branded products. Under Ninth Circuit law, interactive websites can create sufficient contacts if the website "function[s] for commercial purposes and where users exchange information." *Allstar Marketing Group, LLC*, 666 F. Supp. 2d at 1121-22 (where defendant offered no conflicting evidence that it sold infringing products into California, court accepted plaintiff's allegations as true and found that defendants had purposefully availed themselves of benefits of forum); *Brayton Purcell LLP*, 606 F.3d at 1130-1131 (this prong met even though website was passive since defendant knew of plaintiff's existence and directly competed with plaintiff's business in the forum state).  Through its interactive website, Rydell marketed infringing products into this forum in direct competition with Hyundai.  This element is met.

---

[24] *See* Compl., ¶¶ 2, 3, 9, 42, 43, 46, 52, 58, 64.

13

### (iii)   Hyundai's Harm Was Foreseeable

The third prong is satisfied "when defendant's intentional act has 'foreseeable' effects' in the forum." *Brayton Purcell LLP*, 606 F.3d at 1131.  The "brunt" of the harm need not be felt in the District, and may be established even if the "bulk" of it occurs outside of this District. *Id.* (citation omitted).  A corporation can suffer harm "both where the bad acts occurred and where the corporation has its principal place of business." *Marvix Photo, Inc. v. Brand Technologies, Inc.*, 647 F.3d 1218, 1231 (9th Cir. 2011).

Here, HMA's headquarters and Rydell's illegal acts (*e.g.,* sales to the Central District which is likely to cause consumer confusion) are located in the Central District.  It is thus foreseeable that Hyundai would be harmed by Rydell selling infringing material into this District, in direct competition with Hyundai.  *See Brayton Purcell LLP*, 606 F.3d at 1131 (finding that it was foreseeable that plaintiff law firm would be harmed by defendant's copyright infringement, including harm to business reputation and goodwill and decreased business and profits, and that some of the harm would occur in the forum where plaintiff was known to reside).

### b)   Hyundai's Claim Arises out of Forum Activities

The second prong requires that the claim arise out of or relate to the defendant's activities in the forum.  This requires a showing of "but for" causation.  *Gray & Co., v. Firstenberg Mach., Co,. Inc.,* 913 F.2d 758, 761 (9th Cir. 1990). This prong is met.

14

Rydell's contacts with this forum are its marketing, sales, and shipment of the Rydell Parts into this District, all of which violated Hyundai's trademark rights giving rise to this lawsuit.  In other words, but for the sale of the Rydell Parts, Hyundai would not have been injured.  *See Eliminator Custom Boats,* 2006 WL 4941830, *11 ("but for" defendant's forum-related activities -- the sale of one infringing boat in California and featuring the boat in brochures distributed in California -- plaintiff would not have been injured.); *see also Allstar Marketing Group, LLC*, 666 F. Supp. 2d at 1123 (finding that but for defendant's sales of infringing products to consumers, plaintiffs would not have been injured) (and *see* citations therein).

### c)      Jurisdiction over Rydell is Fair and Reasonable

Since Hyundai has satisfied the first two prongs, the burden now shifts to Rydell to "present a compelling case" that the exercise of jurisdiction would not be reasonable."  *Schwarzenegger,* 374 F.3d at 802.  Rydell has not and cannot do so.

The courts consider the following seven factors to determine reasonableness: (1) the extent of the defendant's purposeful interjection into the forum state's affairs; (2) the burden on the defendant of defending in the forum (3) the extent of conflict with the sovereignty of the defendant's state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum.  *Core–Vent Corp. v. Nobel Indus.,*

15

11 F.3d 1482, 1487–88 (9th Cir.1993).  No one factor is dispositive; rather the court must balance all seven.  *Eliminator Custom Boats*, 2006 WL 4941830, * 12 (citation omitted).  Here the majority of the factors weigh in favor of finding jurisdiction.

### (i)    The Extent of Purposeful Injection into the Forum State

This factor is similar to the purposeful availment prong.  *Roth v. Garcia Marquez,* 942 F.2d 617, 623 (9th Cir. 1991) ("In light of the first prong of purposeful availment, analysis of this first factor in the third prong would be redundant.").  As analyzed in detail above, Rydell purposely injected itself into this forum.  It marketed, sold and shipped infringing Hyundai-branded parts to the Central District Dealer, which it undoubtedly believed would resell to California consumers, likely causing consumer confusion.  While Rydell claims that its sales into California and this forum were minimal, it has not provided *any evidence* to support that broad conclusion, and cannot now do so in its Reply.  This factor therefore weighs in favor of Hyundai.

### (ii)    The Burden on Defendant

The burden on the defendant must be examined "'in light of the corresponding burden on the plaintiff.'"  *Allstar Marketing Group, LLC*, 666 F. Supp. 2d at 1124 (citation omitted).  Although the burden to litigate in California might be significant for an out of state defendant, it is not so great to deprive defendant of due process and is not constitutionally unreasonable, especially "'in this era of fax machines and discount air travel,'" *Panavision*, 141 F.3d at 1323 (citation omitted); *see also Nissan*

16

*Motor Co., Ltd. v. Nissan Computer Corp.,* 89 F. Supp. 2d 1154, 1161 (C.D. Cal. 2000) (The "advances in communications and transportation have reduced the burden of cross-country litigation.")

Here, the burden on Rydell, a corporate defendant who marketed, sold and shipped infringing product into this forum is not so significant to deprive it of due process.  Rydell has hired local California counsel to litigate this case and who will appear at court hearings.  The parties will likely produce documents electronically. *See Ainsworth v. Experian Info. Solutions, Inc*., 2011 WL 2135713, *3 (C.D. Cal. May 12, 2011) ("information stored in the databases is likely available electronically and therefore can be easily accessed from either location).  This factor is neutral.

### (iii)   The Extent of Conflicting Sovereignty Interests

Both courts can equally apply federal law to the federal law claims, and any conflicting interests can be handled though choice of law rules.  *Nissan Motor Co., Ltd. v. Nissan Computer Corp.* 89 F. Supp. 2d at 1161; *Eliminator Custom Boats*, 2006 WL 4941830, * 13.  However, California is more familiar with the application of Hyundai's state law claims including Trademark Dilution (Cal. Bus. & Prof. Code § 14247) and Unfair Competition (Cal. Bus. & Prof. Code § 17200).  (*See* Compl., 7th and 8th Causes of Action).  This factor favors Hyundai.

### (iv)   The Forum State's Interest in Adjudicating the Dispute

The alleging infringing materials – the Rydell Parts – were sold to a dealer in

17

this District.  Consumers in this District are likely to be confused by the infringing parts.  "California has a strong interest in protecting its citizens from trademark infringement and consumer confusion."  *Nissan Motor Co., Ltd. v. Nissan Computer Corp.* 89 F. Supp. 2d at 1161.  This factor weighs in favor of Hyundai.[25]

### (v)   The Most Efficient Judicial Resolution

This factor focuses on the location of witnesses and evidence, but is not given great weight "'given the modern advances in communication and transportation.'"  *Allstar Marketing Group, LLC*, 666 F. Supp. 2d at 1125 (citation omitted).

Hyundai's corporate witnesses and evidence are located in California, and Rydell's are located in Iowa.  Depositions will occur both in Iowa and California, where the parties and third party witnesses are located.  *See* Fed. R. Civ. P. 45(c)(1). If a third party cannot be compelled to testify at trial because it is more than 100 miles away, the parties will preserve their depositions for trial. This factor is neutral.

### (vi)   Plaintiffs' Interest in Convenient and Effective Relief

HMA's corporate headquarters, witnesses, evidence, and third party witnesses (*e.g.,* the Central District Dealer) are located in this forum.  In addition, Hyundai has a

---

[25] Citing to two out-of-Circuit cases, Rydell claims that Iowa has an interest in adjudicating this dispute because Rydell is located there, and because the work and reputation of several individuals at issue reside in Iowa  (Mtn., at 13:9-23) (citing to *Voxpath RS, LLC v LG Elecs. U.S.A., Inc*., 2:10-CV-160-JRG, 2012 U.S. Dist. LEXIS 7569 (E.D. Tex, Jan. 23, 2012) and *In re Hoffman-La Roche Inc*., 587 F.3d 1333 (Fed. Cir. 2009)).  But those cases, which have no precedential value, are distinguishable because, unlike here, the plaintiff in those cases had no connection to the forum state.

18

---

PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS/TRANSFER
Case No.  8:15-cv-00186 CJC-DFM

similar pending case in front of the Honorable Cormac J. Carney, entitled, *Hyundai Motor America, Inc. v. Pinnacle Group, LLC,* Case No. 8:14-CV-00576 CJC-JPR.[26] Hyundai alleges that the defendant in that case is similarly selling similar illegal gray market goods in the United States.  The court therefore has familiarity with the issues. This forum will therefore provide the most convenient relief for Hyundai.

### (vii)   The Existence of an Alternative Forum

Iowa is an alternative forum.   This one factor weighs in favor of Rydell.

In short, a substantial majority of the non-neutral factors weigh in favor of Hyundai.  It would not be unreasonable to exercise personal jurisdiction over Rydell.

### 2.     Plaintiffs Request Discovery to Establish General Jurisdiction

Analyzing general jurisdiction is not necessary since Hyundai has established specific jurisdiction over Rydell.  However, should this analysis be necessary, Hyundai requests permission to conduct discovery on the issue of general jurisdiction since Rydell admits that it does do some business in California (Mtn., at 5:10-11), and has superior knowledge about its contacts with this forum.  *Hayashi v. Red Wing Peat Corp.*, 396 F.2d 13, 14 (9th Cir. 1968).

## IV.   <u>RYDELL'S SECTION 1404(a) MOTION SHOULD BE DENIED</u>

### A.   <u>LEGAL STANDARD</u>

"For the convenience of the parties and witnesses, in the interest of justice, a

_____

[26] Kearns Decl., ¶ 8.

district court may transfer any civil action to any other district or division where it might have been brought…"  28 U.S.C. § 1404(a).  "Whether a transfer is appropriate requires an individualized consideration of the parties' and witnesses' private interests as well as the public interests in litigating the case in a particular forum."  *Ainsworth v. Experian Info. Solutions, Inc.*, 2011 WL 2135713, *1 (citations omitted).

Courts weigh multiple factors in determining whether  transfer is appropriate, including: (1) the location where the relevant agreements were negotiated and executed,[27] (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.  *Jones v. GNC Franchising, Inc.,* 211 F.3d 495, 498–99 (9th Cir. 2000); *see also Ainsworth*, 2011 WL 2135713, *1.

Court's may also look at other factors including 1) the convenience of the parties; 2) the convenience of the witnesses; 3) the location of books and records; 4) which forum law applies; 5) the interests of justice; and 6) administrative decisions. *Allstar Marketing Group, LLC*, 666 F. Supp. 2d at 1130.

---

[27] The parties did not enter into any agreement, and therefore this factor is irrelevant. *Ainsworth v. Experian Information Solutions, Inc.*, 2011 WL 2135713, *2 n. 1.

20

Here, the factors , many of which are discussed in detail in the preceding section, weigh in favor of Hyundai.

**B.    THE FACTORS WEIGH IN FAVOR OF HYUNDAI**

**1.    Hyundai Chose to File this Action in this District**

The plaintiff's choice of forum, is entitled to deference.  The defendant must make a "strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum." *Ainsworth*, 2011 WL 2135713, *1 (*citing to Decker Coal Co. v Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986)).

Hyundai chose to file this case in the Central District of California.  HMA is headquartered in this forum, and all its records, relevant witnesses, and exemplars of the infringing Rydell Parts are located here.  HMC, located in Korea, does significant business with HMA, its exclusive U.S. Distributor.  Rydell marketed, sold and shipped the infringing Rydell Parts into this forum.  Hyundai's choice should therefore be given deference. *Ainsworth, supra,* 2011 WL 2135713, *2.

**2.    The State Most Familiar with the Governing Law**

As discussed above, the majority of the claims involve federal law which both forums can apply.  However, this District is in the better position to apply California state law to Hyundai's state law claims.

**3.    Contacts with the Forum**

HMA has significant contacts with this forum.  It is headquartered in and

21

conducts significant business from the Central District.  It distributes Hyundai Genuine Parts to authorized dealers in this District.  HMC is the parent company of HMA, its exclusive distributor.  Rydell also has contact with this forum.  It marketed, sold and shipped the infringing Rydell Parts into this forum, which form the basis of Hyundai's claims.  This factor favors Hyundai.

### 4.    The Convenience of the Parties and Litigation Costs

As discussed above, neither party will be more inconvenienced than the other party.  Rydell has hired local counsel who will appear at court hearings.  The parties will likely produce documents electronically.  *Ainsworth*, 2011 WL 2135713, *3. Litigation costs do not favor either party.  If the case is transferred to Iowa, any "inconvenience" will be shifted to Hyundai.  Shifting inconveniences is not, however, a proper basis for transfer. *Eliminator Custom Boats,* 2006 WL 4941830, *15 (*citing to Kahn v. Gen. Motors Corp.,* 889 F.2d 1078, 1083 (Fed.Cir.1989)).

### 5.    Third Party Witnesses and Compulsory Process

The convenience of witnesses is often the most important factor for this analysis. *Allstar Marketing Group, LLC*, 666 F. Supp. 2d at 1131.  Here, as discussed above, third party depositions and trial preservation depositions will take place in either Iowa or California where those witnesses reside.[28]  This factor is neutral.

---

[28] Rydell relies upon the "100 mile rule" applied in the Fifth and Federal Circuits. (Mtn., at 10:25-11:7).  But that is not the rule in the Ninth Circuit.  As discussed, depositions will take place in both Iowa and California.

---

### 6.    Access to Evidence

Rydell claims venue in Iowa is proper because all of its business records are located there. (Mtn., at 9:6-7).  But Rydell does not "show with particularity" why that matters.  Rydell does not explain, for example, the volume of records, their location, their importance, or their format (hard copy, electronic).  *Allstar Marketing Group, LLC*, 666 F. Supp. 2d at 1133 (citation omitted) (defendant must show the location, difficulty of transportation, and the importance of those records to support a venue change).  Rydell ignores that all of HMA's records relating to business operations, its intellectual property, and the service engineering, marketing and sales of the Hyundai Genuine Parts – all of which are critical to Hyundai's trademark claims -- are located in this forum.[29]  This factor favors Hyundai.

Rydell claims that it may become necessary to inspect Rydell's premises where the infringing goods are kept.  That argument is irrelevant.  Rydell's premises are at a fixed location.  The parties will be required to travel to Iowa (at Hyundai's inconvenience) for the inspection regardless of where the case is pending.

### 7.    The Interests of Justice

"The interest[s] of justice include such concerns as ensuring speedy trials,

---

[29] Ferrara Decl., ¶¶ 6-7.  Rydell cites to *In re Nintendo Co*., 589 F.3d 1194, 1199 (Fed. Cir. 2009) claiming that the bulk of evidence comes from the accused infringer.  (Mtn. at 8:18-25).  But that is not true in this case.  Hyundai must compare the Rydell Parts against the corresponding Hyundai Genuine Parts to prove they are gray-market goods, and will likely compare written specifications.  That evidence is located here.

---

PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS/TRANSFER
Case No.  8:15-cv-00186 CJC-DFM

trying related litigation together, and having a judge who is familiar with the applicable law try the case." *Allstar Marketing Group, LLC*, 666 F. Supp. 2d at 1134 (citation omitted).  Here, as noted, Hyundai has a similar illegal gray market case pending before the Honorable Carney (*HMA v. Pinnacle*).  The Honorable Judge Carney is familiar with the trademark issues.  This factor weighs in favor of Hyundai.

### 8.    Administrative Considerations

Rydell argues that the Central District courts are much more congested than those in Iowa.  But concerns such as "docket congestion is given little weight in this circuit" when assessing whether transfer is proper under section 1404(a).  *Allstar Marketing Group, LLC*, 666 F. Supp. 2d at 1134 (*citing to Gates Learjet Corp. v. Jensen*, 743 F.2d 1325, 1335 (9th Cir. 1984)).  Thus, it is irrelevant whether Iowa's courts are less congested. Regardless, another Hyundai case is pending here.

Balancing all of the relevant factors together, the convenience of the parties weighs in favor of Hyundai.  This case should not be transferred to Iowa.

## V.    RYDELL'S *FORUM NON CONVENIENS* MOTION SHOULD BE DENIED

The doctrine of *forum non-conveniens* is inapplicable here and Rydell's motion should be denied.  The U.S. Supreme Court has held that the doctrine has been replaced by 28 U.S.C. § 1404(a), and its continuing application applies *only* where the alternative forum is abroad.  *Sinochem Int'l Co. Ltd v. Malaysia Intern. Shipping*

24

*Corp.*, 549 U.S. 422, 430 (2007); *American Dredging Co. v. Miller,* 10 U.S. 443, 449, n.2 (1994); *see also Runner v. Toyota Motor Corp.,* 2009 WL 1971326, *2 (C.D. Cal. July 6, 2009).  Iowa is not located abroad.  Should the Court wish to apply this doctrine, then for the same reasons set forth above, this case should not be transferred.

## VI.   CONCLUSION

Venue is proper in the Central District.  Rydell marketed, sold and shipped infringing parts to a dealer located into this District – which conduct forms the basis of this lawsuit.  A substantial part of the events giving rise to this litigation occurred here and Rydell "resides" here.  In addition, the convenience factors weigh in favor of Hyundai.  HMA is headquartered here, relevant records, exemplars, and witnesses are located here, and this Court has an interest in protecting its citizens against infringement.  In short, Hyundai's choice of forum should not be disturbed and Rydell's motion should be denied in its entirety.

Alternatively, Hyundai should be permitted to amend its Complaint to allege additional specific facts regarding jurisdiction and/or should be permitted to conduct discovery related to general jurisdiction.

Dated:  May 11, 2015                                    KELLER, SLOAN, ROMAN & HOLLAND LLP


By: _____/S/_____
      ANNE E. KEARNS
      Attorneys for Plaintiffs Hyundai Motor
      America, Inc. and Hyundai Motor Company

PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS/TRANSFER
Case No.  8:15-cv-00186 CJC-DFM